Enter
SEND
JS-6

ENTERED
CLERK, U.S. DISTRICT COURT

FEB 1 0 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 03- 2081 PA (JWJx) | Date | February 6, 2006 |
|---|---|---|---|

| Title | Harriet Faragi v. Provident Life and Accident Insurance Company, et al. |
|---|---|

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| C. Kevin Reddick | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:                Attorneys Present for Defendants:

Lisa Kantor                                    Melissa Cowan

**Proceedings:       STATUS CONFERENCE**

Court and Counsel confer regarding case management and the Mandate from the Ninth Circuit. The Court was initially inclined to allow the parties to brief the issues related to the application of the settlement agreement between defendant and the California Department of Insurance (the "CSA") to this action. However, a further review of the record establishes that plaintiff has rendered her appeal of defendant's 2002 claims decision moot by electing to have her claim reassessed pursuant to the CSA.

"'[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" City of Erie v. Pap's A.M., 529 U.S. 277, 287, 120 S. Ct. 1382, 1390, 146 L. Ed. 2d 265 (2000) (quoting County of Los Angeles v. Davis, 440 U.S. 625, 631, 99 S. Ct. 1379, 1383, 59 L. Ed. 2d 642 (1979)). Here, as plaintiff's counsel admitted during the status conference, plaintiff has elected to participate in the CSA reassessment program. As a result, plaintiff is no longer challenging the 2002 claims decision that is the subject of this action.

If plaintiff is unhappy with defendant's claims decision following the reassessment, her remedy is to file a new action challenging that decision. Unless and until that happens, there is no live case or controversy before the Court.[1] The Court therefore dismisses this action without prejudice.

IT IS SO ORDERED.

**THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d)**

---

[1]      During the status conference, plaintiff's counsel was reluctant to dismiss this action because of plaintiff's motion for attorneys' fees pending before the Ninth Circuit. The pendency of that motion does not alter the Court's mootness analysis. Cammermeyer v. Perry, 97 F.3d 1235, 1238 (9th Cir. 1996) ("'[C]laims for attorneys' fees ancillary to the case survive independently under the court's equitable jurisdiction, and may be heard even though the underlying case has become moot.' The existence of an attorneys' fees claim thus does not resuscitate an otherwise moot controversy.") (quoting Williams v. Alioto, 625 F.2d 845, 848 (9th Cir. 1980)).